# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LUCIANA DE OLIVEIRA, on behalf
of herself and those similarly situated,

      Plaintiff,

v.                                                    CASE NO: 8:12-cv-251-T-26TGW

CITICORP NORTH AMERICA, INC., and
CITIGROUP, INC.,

      Defendants.

_____/

## O R D E R

Before the Court is Defendants' Amended Motion to Compel Arbitration (Dkt.

16), Plaintiff's Response in Opposition (Dkt. 17), Defendant's Reply (Dkt. 23), and

Plaintiff's Sur-Reply (Dkt. 24), and Defendants' Notice of Supplemental Authority.  (Dkt.

25).  After careful consideration of the motion and the parties' submissions, the Court

concludes that it is due to be granted as to the named Plaintiff as well as the five opt-in

Plaintiffs.

This action is brought  pursuant to the Fair Labor Standards Act, 29 U.S.C.

§216(b) (the FLSA) and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to

recover overtime compensation based on the positions of Financial Analysts I, II, and III

being misclassified as exempt jobs and for a judgment declaring the rights of the

individuals holding those positions.  Defendants[1] seeks to compel arbitration of this entire

action, which now includes the one named Plaintiff and five opt-in Plaintiffs.[2]

Defendants' motion relies on three of Plaintiffs' acknowledgment of employee handbooks

containing an arbitration policy.  Defendant's Reply notes that the remaining three opt-in

Plaintiffs also acknowledged receipt of the handbook.[3]  The arbitration policy provides in

pertinent part as follows:

> [A]rbitration [is] the *required and exclusive forum for*
> *resolution of all disputes* (other than disputes which by statute
> are not arbitrable) *arising out of or in any way related to*
> *employment* based on legally protected rights (i.e., statutory,
> regulatory, contractual, or common–law rights) that may arise
> between an employee or former employee and Citi . . .
> including without limitation, claims, demands, or actions
> under . . . the Fair Labor Standards Act of 1938 . . . any other
> federal, state, or local statutes, regulation, or common-law
> doctrine regarding employment, . . .
>
> Claims covered under this Policy must be brought on an
> individual basis.  Neither Citi nor any employee may submit a
> *class, collective, or representative action* for resolution under
> this Policy.

---

[1]  To the extent that the Defendants contend that Citigroup, Inc. (Citigroup) is an improperly named Defendant, Plaintiffs disagree.  The Court finds Plaintiffs' reasoning behind naming Citigroup a proper party-employer at this stage of the proceedings is persuasive, and postpones resolution of this matter until the issue can be properly presented.

[2]  See dockets 5 (Nilza Wilson and Johan Delgado), 11 (Manuel Faria), 12 (Stanley E. Sakowski) & 13 (Natashia Shannon).

[3]  See docket 23, Exh. A (acknowledgments of Shannon, Faria, and Sakowski).

> To the maximum extent permitted by law, and except where expressly prohibited by law, *arbitration on an individual basis pursuant to this Policy is the exclusive remedy for any employment-related claims which might otherwise be brought on a class, collective or representative action basis*. Accordingly, employees may not participate as a *class or collective action representative or as a member of any class*, *collective or representative action, and will not be entitled to any recovery from a class, collective or representative action in any forum*.

See docket 16, Exh. 4, pp. 48-49 (emphasis added).

There is no question that the arbitration policy in this case directs that FLSA claims be arbitrated.[4]  Both parties agree that FLSA claims can be arbitrated and that federal policy favors arbitration.[5]  The issue, as framed by Plaintiffs, is whether a collective action waiver in an arbitration agreement is unenforceable.  The Court agrees

---

[4]  "[A]bitration [is] the required and exclusive forum for resolution of all disputes (other than disputes which by statute are not arbitrable) arising out of or in any way related to employment based on legally protected rights (i.e., statutory, regulatory, contractual, or common–law rights) that may arise between an employee or former employee and Citi . . . including without limitation, claims, demands, or actions under . . . *the Fair Labor Standards Act of 1938* . . ." See docket 16, Exh. 4, p. 48 (Emphasis added).

[5]  See Delano v. Mastec, Inc., No. 8:10-cv-320-T-27MAP, 2010 WL 4809081, at *3 n. 6 (M.D. Fla. Nov. 18, 2010) (listing cases upholding general rule that FLSA claims are arbitrable, including Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359 (11th Cir. 2005), which quotes from Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), and Montes v. Shearson Lehmon Bros., Inc., 128 F.3d 1456, 1458 (11th Cir. 1997)); Bolamos v. Globe Airport Security Servs., Inc., 2002 WL 1839210 (S.D. Fla. May 21, 2002), aff'd 64 Fed. App'x 743 (11th Cir. 2003).  As noted in Delano, the Gilmer Court rejected in dicta the contention that a class action waiver in an arbitration agreement is "unenforceable merely because the relevant statute allows for class or collective action."  Delano, 2010 WL 4809081, at *3.

with Defendants that the law of the Eleventh Circuit upholds the enforcement of arbitration agreements waiving an individual's right to pursue collective claims under the FLSA.

The Eleventh Circuit has enforced a collective action waiver to compel arbitration of an individual's FLSA overtime claim.  See Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359 (11th Cir. 2005).  Defendants rely on Caley, AT&T Mobility v. Concepcion, 131 S.Ct. 1740, 1751-1753 (2011), and Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1207 (11th Cir. 2011).  In Concepcion, the Supreme Court held that the Federal Arbitration Act (FAA) preempted California's judicial rule concerning the unconscionability of class arbitration waivers in consumer contracts.  In Cruz, decided after Concepcion, the Eleventh Circuit held that a class action waiver contained in a cellular customer arbitration agreement was enforceable.[6]  Absent any contrary authority, this Court is bound to follow Caley as the law of the Eleventh Circuit.[7]

Plaintiffs argue vehemently that the collective action waiver in the arbitration agreement is illegal, relying on In re D.R. Horton, Inc., 357 NLRB No. 184, 2012 WL 36274 and cases following that decision of the National Labor Relations Board ( the

---

[6]  See also Day v. Persels & Assocs., LLC, No. 8:10-cv-2463-T-33TGW, 2012 WL 1770300 (M.D. Fla. May 9, 2011) (citing Concepcion and enforcing waiver of class arbitration clause in case involving state common law, state statutory and federal statutory claims).

[7]  Springer v. Wal-Mart Assocs.' Group Health Plan, 908 F.2d 897, 900 n. 1 (11th Cir. 1990) (noting that "[w]e need hardly add that even if there were a relevant circuit split, the district court is bound by controlling Eleventh Circuit precedent.").

NLRB).  In Horton, the NLRB held that Concepcion did not apply to rights protected by the National Labor Relations Act (NLRA).  Horton, 2012 WL 36274, at *16.  Plaintiff urges this Court to accept the NLRB's attempt to distinguish Concepcion by the fact that it involved cellular telephones and not employment agreements covered by the NLRA.  Plaintiff cites district court cases from other jurisdictions that have followed Horton, finding that Concepcion is not controlling in the employment context and thereby rendering collective action waivers invalid.  See Herrington v. Waterstone Mortgage Corp., No. 11-cv-779-bbc, 2012 WL 1242318, at *6 (W.D. Wis. Mar. 16, 2012); Owen v. Bristol Care, Inc., No. 11-04258-cv-FJG, 2012 WL 1192005, at *4 (W.D. Mo. Feb. 28, 2012).  Defendants have found district court cases that do not follow the Horton reasoning.  See Coleman v. Jenny Craig, Inc., No. 3:11-cv-1301-MMA-DHB (S.D. Cal. May 15, 2012); Morvant v. P.F. Chang's China Bistro, Inc., No. 11-cv-05405-YGR, 2012 WL 1604851, at *9 (N.D. Cal. May 7, 2012); Palmer v. Convergys Corp., No. 7:10-cv-145(HL), 2012 WL 425256, at *3 (M.D. Ga. Feb. 9, 2012); LaVoice v. UBS Fin. Servs., Inc., No. 11-civ-230(BSJ)(JLC), 2012 WL 124590, at *6 (S.D.N.Y. Jan. 13, 2012).  In any event, this Court is bound by Eleventh Circuit precedent as announced by the Caley court.

Finally, Plaintiff contends that another district court has found this exact arbitration policy unenforceable.  See Raniere v. Citigroup Inc., No. 11-civ-2448, 2011 WL 5881926 (S.D.N.Y. Nov. 22, 2011), pending appeal No. 11-5213 (2d Cir. 2011).

The court in Raniere, however, acknowledged that the Eleventh Circuit has accepted arbitration agreements containing waivers of collective actions under the FLSA as enforceable. Raniere, 2011 WL 5881926, at *14. However, Raniere is a district court case from the Second Circuit and, as such, is not binding precedent. Accordingly, the Court finds the arbitration policy enforceable against the named Plaintiff and all five opt-in Plaintiffs.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Amended Motion to Compel Arbitration (Dkt. 16) is **GRANTED.** All proceedings in this case are stayed, and the parties are directed to arbitrate this action. The Clerk is directed to administratively close this case during the period of the stay.

**DONE AND ORDERED** at Tampa, Florida, on May 18, 2012.


_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record